

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00161-CR
_____

MICHEAL CHRISTOPHER LEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1728002

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Micheal Christopher Lee pled guilty to sexual assault of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). Pursuant to a plea agreement with the State, Lee was placed on deferred adjudication community supervision for ten years. The State alleged that Lee did not abide by the terms and conditions of his deferred adjudication community supervision because he committed a new offense by failing to comply with his existing sex-offender registration requirements. As a result, the State moved the trial court to adjudicate Lee's guilt. After an evidentiary hearing, the trial court found the State's allegation true, adjudicated Lee's guilt, and sentenced him to twenty years' imprisonment. Lee appeals.[1]

Lee's counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

On February 27, 2026, counsel mailed to Lee copies of the brief, the motion to withdraw, and the appellate record. Lee was informed of his rights to review the record and file a pro se response. By order dated March 5, we informed Lee that his pro se response was due on or before April 20, 2026. On May 7, this Court further informed Lee that the case would be set for submission on the briefs on May 28. We received neither a pro se response from Lee nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment.

The reporter's record shows that Lee pled "not true" to the State's motion to adjudicate guilt. Even so, the trial court's judgment mistakenly recites that Lee pled "True" to the motion. In *Anders* cases, "appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is nonreversible error.'" *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)).

Accordingly, we modify the trial court's judgment to reflect that Lee pled "Not True" to the State's motion to adjudicate his guilt. As modified, we affirm the trial court's judgment.[2]

Scott E. Stevens
Chief Justice

Date Submitted:     May 28, 2026
Date Decided:      June 29, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.